7/19/2016 10:24:44 AM
Chris Daniel - District Clerk Harris County
Envelope No. 11701433
By: Krystal Franklin
Filed: 7/19/2016 10:24:44 AM

**2016-47560 / Court: 129**

Cause No. _____

| | | |
|---|---|---|
| Capt. Manjit Sangha, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| Navig8 Ship Management PTE LTD., andNavig8 Group, | § § § § | |
| Defendants. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Captain Manjit Sangha ("Capt. Sangha") files this Original Petition and Jury Demand against Defendants Navig8 Ship Management PTE LTD ("Navig8 Ship Management") and Navig8 Group, and would respectfully state:

### DISCOVERY CONTROL PLAN

1.1    Captain Manjit Sangha intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

### PARTIES

2.1    Capt. Manjit Sangha ("Mr. Sangha") is a citizen of the Republic of India. Mr. Sangha previously resided in the state of Florida, as a permanent resident of the United States.

2.2    Upon information and belief, Navig8 Ship Management PTE LTD. is a foreign business entity organized under the laws of the Republic of Singapore for the purpose of accumulating monetary profit. Defendant Navig8 Ship Management PTE LTD regularly

**EXHIBIT A**


does business in a systematic and continuous manner in the State of Texas, but does not maintain a designated agent upon whom service may be made. Pursuant to Texas Civil Practice & Remedies Code § 17.045, service of process may therefore be made by serving the Secretary of State, State of Texas, 1019 Brazos, Austin, Texas 78701, as agent for service of process, and the Secretary of State forwarding a copy of the process by registered mail, return receipt requested, to Defendant's home office at General Manager, Navig8 Ship Management PTE LTD, 3 Temasek Avenue, #25-01 Centennial Tower, Singapore 039190. Service of process may be further effected by international registered mail, return receipt requested, of the Original Complaint and process to General Manager, Navig8 Ship Management PTE LTD, 3 Temasek Avenue, #25-01 Centennial Tower, Singapore 039190.

2.3    Upon information and belief, Navig8 Group is a foreign business entity organized under the laws of the United Kingdom of Great Britain and Northern Ireland for the purpose of accumulating monetary profit. Defendant Navig8 Group regularly does business in a systematic and continuous manner in the State of Texas, but does not maintain a designated agent upon whom service may be made. Pursuant to Texas Civil Practice & Remedies Code § 17.045, service of process may therefore be made by serving the Secretary of State, State of Texas, 1019 Brazos, Austin, Texas 78701, as agent for service of process, and the Secretary of State forwarding a copy of the process by registered mail, return receipt requested, to Defendant's home office at General Manager, Navig8 Group, 2nd Floor, Kinnaird House, 1 Pall Mall East, London, SW1Y 5AU. Service of process may be further effected by international registered mail, return receipt requested, of the

Original Complaint and process to General Manager, Navig8 Group, 2nd Floor, Kinnaird House, 1 Pall Mall East, London, SW1Y 5AU.

## VENUE & JURISDICTION

3.1     Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code Section 15.002(a)(1), as all or a substantial part of the events or omissions giving rise to this legal action occurred in Harris County, Texas. Alternatively, Defendant Navig8 Ship Management PTE LTD and/or Navig8 Group maintain a principal place of business in Harris County, Texas, as defined by the Texas Civil Practice and Remedies Code.

3.2     Mr. Sangha seeks damages within the jurisdictional limits of this Court. At this time, Mr. Sangha seeks monetary relief in an amount over $1,000,000. Mr. Sangha reserves the right to modify the amount and type of relief sought in the future.

3.3     This case is non-removable under 28 U.S. Code § 1441 because diversity jurisdiction does not exist. Though a permanent resident in the United States, Mr. Sangha is a citizen of the Republic of India. Navig8 Ship Management PTE LTD. is a citizen of the Republic Singapore (principal place of business as defined by the federal rules of civil procedure and incorporation), and Navig8 Group is a citizen of the United Kingdom of Great Britain and Northern Ireland (principal place of business as defined by the federal rules of civil procedure and incorporation). Therefore, this case is non-removable. *See Vantage Drilling Co. v. Su*, 741 F.3d 535 (5th Cir. 2014); *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148 (5th Cir. 1985).

## FACTUAL BACKGROUND

4.1     This case is brought under the General Maritime Law, as it arose out of the

Certified Document Number: 71121712 - Page 3 of 10

interference with a maritime contract. Captain Sangha worked hard to build a stellar reputation as a quality captain and mariner with technical excellence and outstanding professionalism in the community. For the past 34 years, Captain Sangha has worked throughout the world and has created longstanding professional relationships as a mariner and captain.

4.2     Starting in June 2009, Captain Sangha worked for Navig8 Ship Management as a master on the vessel M/V Miss Claudia. This contract was formed and executed in Harris County, Texas – the initiating port for Capt. Sangha's employment. In October 2015, Captain McCoy was commanding the M/V Miss Claudia. That same month, while operating the M/V Miss Claudia, Capt. McCoy gave poor orders that resulted in an incident involving another ship. At the same time, Capt. Sangha took corrective action to prevent even greater damage, including limiting the damage to the structure of the vessel. Ultimately, the incident caused over $1 million in damages and forced the M/V Miss Claudia to dry dock in Mobile, Alabama, for approximately four months. After this incident, Navig8 failed to renew its contract with Captain Sangha.

4.3     On March 21, 2016, Capt. Sangha subsequently contracted with Marine Consultancy LLC and Captain Johannes to work as a mooring master on vessels operating in the Gulf of Mexico. In that role, Captain Sangha conducted independent mooring operations in the Gulf of Mexico and supervised ship-to-ship transfer operations.

4.4     During his first assignment with Marine Consultancy, Capt. Sangha was instructed to work on M/V Miss Claudia. At that time, Navig8 owned the M/V Miss

Certified Document Number: 71121712 - Page 4 of 10

Claudia but contracted the operation of the vessel to Glencore. After learning that Captain Sangha was assigned to the Miss Claudia, Glencore communicated to Capt. Johannes of Marine Consultancy LLC that Navig8 refused to allow Captain Sangha to work on the vessel. Due to Navig8's conduct, on April 12, 2015, Capt. Sangha was removed from the vessel docked in Houston, Texas. With information and belief, in order to remove Captain Sangha, Navig8 through Glencore made false and misleading statements regarding Captain Sangha.

4.4    To further add insult to injury, Navig8 additionally sent emails to Capt. Johannes that were damaging to Capt. Sangha's professional reputation and character, including making false and misleading statements. The emails were so disparaging that Captain Johannes believed that Captain Sangha's reputation was damaged. Due to Navig8's conduct, Capt. Johannes was forced to terminate the contract with Capt. Sangha due to the communications made by Navig8. These communications were false and/or misleading and intended to damage Captain Sangha and his professional reputation that he worked so hard to build.

4.5    Defendants acted in order to discredit Capt. Sangha and crush his ability to work as a mariner and mooring master in the Gulf of Mexico. Destruction of Capt. Sangha's professional relationships was a necessary and foreseeable consequence of Defendants' plan with no regard for Capt. Sangha, and intended to injure Capt. Sangha's reputation and professional standing.

## CAUSES OF ACTION

### FIRST COUNT – TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

Certified Document Number: 71121712 - Page 5 of 10

5.1   Captain Sangha re-alleges and incorporates each allegation contained in Paragraphs 1-4.5 of this Petition as if fully set forth herein.

5.2   Capt. Sangha had a contract with Marine Consultancy LLC as a Mooring Master.

5.3   Without any privilege, Defendants willfully and intentionally interfered with this contract by engaging in the conduct described herein to the substantial detriment of Capt. Sangha.

5.4   Defendants' intentional and willful interference has resulted in extreme business disruption to Capt. Sangha, loss of income, moving expenses, mental anguish, loss due to contractual obligations, and loss of business goodwill.

## SECOND COUNT – DEFAMATION

6.1   Captain Sangha re-alleges and incorporates each allegation contained in Paragraphs 1-5.4 of this Petition as if fully set forth herein.

6.2   Both lies and half-truths presented in a misleading manner are equally false. Defendants' statements and misstatements, were in proper context wholly false, libelous, and slanderous. Defendants knowingly, recklessly, and maliciously spread falsehoods about Captain Sangha, and Defendants had no right, privilege, or justification to make the statements.

6.3   As described above, the statements and representations were defaming to Captain Sangha, both personally and in the conduct of his professional context. Furthermore, the statements and representations by Defendants were so egregious and obviously hurtful as to constitute libel and slander *per se*.

## THIRD COUNT – TORTIOUS INTERFERENCE WITH CURRENT AND PROSPECTIVE RELATIONS AND ECONOMIC ADVANTAGE

7.1 Captain Sangha re-alleges and incorporates each allegation contained in Paragraphs 1-6.3 of this Petition as if fully set forth herein.

7.2 Capt. Sangha had longstanding and continuous relationships within companies in the marine industry, including with Marine Consultancy LLC. Due to these longstanding and continuous relationships, there was a reasonable probability that Capt. Sangha would have contracted to work for these companies or continue to work for Marine Consultancy LLC as a mariner. In addition, there is a reasonable probability that Capt. Sangha would have entered into various other business relationships with third persons or entities, but for Defendants' improper acts and omissions, as set forth herein.

7.3 Defendants intentionally interfered with the relationships between Capt. Sangha and these persons and entities. This interference impacted and caused economic loss in the past and future to Capt. Sangha. Further, Capt. Sangha was forced to move back to India due to the loss of business relationships.

## FOURTH COURT- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

8.1 Capt. Sangha re-alleges and incorporates each allegation contained in Paragraphs 1-7.3 of this Petition as if fully set forth herein.

8.2 The acts and omissions of Defendants were extreme and outrageous, as those terms are legally defined. As a direct and proximate result of Defendants' actions, Capt.

Sangha has suffered extreme and severe emotional distress.

## FIFTH COUNT- FRAUD

9.1    Capt. Sangha re-alleges and incorporates each allegation contained in Paragraphs 1.1-8.2 of this Petition as if fully set forth herein.

9.2    Defendants acted fraudulently as to each representation made concerning material facts for the reason they would not have acted and which Defendants knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be acted upon, including Marine Consulting LLC, who relied on those representations, thereby causing injury and damage to Capt. Sangha.

### RESULTING LEGAL DAMAGES

10.1    Captain Sangha is entitled to the actual damages resulting from Defendants' violations of the law.  These damages include the consequential damages to Captain Sangha's economic welfare; the mental anguish and physical suffering resulting from Defendants' conduct and the continued impact on Captain Sangha; lost business reputation; attorneys' fees as allowed by law; punitive damages, and the other actual damages permitted by law.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Captain Sangha respectfully requests judgment against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law,

costs of suit, and all other relief, at law or in equity, Captain Sangha may be justly entitled.

Respectfully submitted,



MICHAEL PATRICK DOYLE
State Bar No. 06095650
PATRICK DENNIS
State Bar No. 24045777
JEFFREY I. AVERY
State Bar No. 24085185
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: (713) 571-1146
Fax: (713) 571-1148
service@doylelawfirm.com
**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

*Capt. Sangha hereby demands a trial by jury, a right enshrined in the Constitutions of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

_____
**MICHAEL PATRICK DOYLE**



I, Chris Daniel, District Clerk of Harris ▥
County, Texas certify that this is a true and ▥
correct copy of the original record filed and or ▥
recorded in my office, electronically or hard ▥
copy, as it appears on this date. ▥
Witness my official hand and seal of office
this   August 24, 2016


Certified Document Number:        71121712 Total Pages:  10


*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated▥ documents are valid. If there is a question regarding the validity of this document and or seal▥ please e-mail support@hcdistrictclerk.com**