UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
January 20, 2017
David J. Bradley, Clerk

| | | |
|---|---|---|
| Captain Manjit Sangha, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-16-2613 |
| Navig8 Shipmanagement, Pte. Ltd., et al., | § § § | |
| Defendants. | § | |

## Opinion on Jurisdiction

1.  *Facts.*

    Captain Manjit Sangha worked for Navig8 on its ship, the *Miss Claudia*. In 2015, the *Miss Claudia* collided with the *Euronike* under his command. His engagement with Navig8 ended. The next year, Marine Consultancy hired him to work as a mooring master on ships in the Gulf of Mexico. One of these ships was the *Songha Pearl*. The *Songha Pearl* was to lighter cargo to the *Miss Claudia*. On discovering that Sangha had been named the mooring master on the *Songha Pearl*, Navig8 emailed Marine to request that he not be the mooring master on a ship alongside the *Miss Claudia*. Marine complied, replacing him on the *Songha Pearl*.

    Because the court does not have personal jurisdiction over Navig8, this case will be dismissed.

2.  *Personal Jurisdiction.*

    The court does not have personal jurisdiction over Navig8 Shipmanagement, Pte. Ltd.[1] A named defendant – Navig8 Group – does not exist; it never has. Navig8 Shipmanagement is incorporated in Singapore, and its principal place of business is there, too. It has offices in London and Mumbai. Its ships are sometimes in Houston and sometimes all over the world. A different, related company has a Houston office.

---

[1] *See, e.g., Helicopteros Nacionales de Colombia, S.A., v. Hall,* 466 U.S. 408 (1984).

This claim does not arise out of Navig8's occasional contacts with Houston. Sangha complains about emails from two Navig8 managers – one based in London, the other in Singapore – to the president of Marine in Alabama.

Sangha and Marine's contract was not formed in Houston. The contract was between a company in Alabama and a resident of Florida, India, or both. It was concluded via email. Its nearest connection to Houston is that the work was in the Gulf of Mexico, and Marine dismissed Sangha from the *Songha Pearl* while she was moored in Houston.

3. *Forum non Conveniens.*

This case is between a man who resides in Florida and India and a corporation in Singapore. It is about an Alabama company's retaining Sangha then revoking his assignment. It is also about Navig8 and that Alabama company's agreement. Sangha's work and Navig8's ship were offshore Texas.

Navig8 is a Singaporean corporation. Singapore is an available forum, because Navig8 may be sued there. Singapore is an adequate forum.[2] Singapore has open, functioning courts, and its legal system is based on English common law, like India's and Florida's.

The facts favor dismissal.[3] The documents are online or in Singapore. The witnesses are in Singapore or can easily go there. Singapore has jurisdiction over Navig8. Houston is not related to this case.

4. *Theories.*

Out of one email exchange, Sangha has five theories – (1) tortious interference with a maritime contract, (2) tortious interference with current and prospective relations and economic advantage, (3) defamation, (4) intentional infliction of emotional distress, and (5) fraud. None of these would likely succeed.

---

[2] *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981).

[3] *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).

Sangha and Marine had a professional engagement. Navig8 and Marine had a contract – Marine's ship would transfer cargo to Navig8's ship. Because of Sangha's recent accident between the *Miss Claudia* and the *Euronike*, Navig8 asked Marine not to use him with the *Miss Claudia*. Navig8 did not tell Marine to fire Sangha. It did not say that Sangha was in any way bad at his job. Navig8 simply said that it did not want someone who had been in command of the *Miss Claudia* during the accident to maneuver the *Songha Pearl* alongside her. Investigations were pending, and Navig8 preferred not to sail with him.

The facts do not support the theories. This is neither tortious interference with a contract nor tortious interference with business relations. Navig8's request was about Marine's performance of its contract with Navig8, not about Sangha's engagement. Also, this cannot be defamation. That Sangha was in command of the *Miss Claudia* during the accident is true.[4] Even if it were erroneous, the emails were sent between people with a common interest in Sangha's history.[5] This was not intentional infliction of emotional distress. Navig8 politely requested that Sangha not maneuver the *Songha Pearl* alongside the *Miss Claudia*. No fact justifies the fraud theory.

5. *Conclusion.*

Increasing costs and prolonging the litigation is not a strategy. Sangha's motion for approval to conduct three depositions will be denied. Sangha's motion to remand will also be denied.

This case will be dismissed for want of jurisdiction.

Signed on January 20, 2017, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[4] *See Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640 (Tex. 1995).

[5] *See Pioneer Concrete of Texas, Inc. v. Allen*, 858 S.W.2d 47 (Tex. App.—Houston [14th Dist.] July 8, 1993, reh'g denied); *Gonzalez v. Methodist Charlton Medical Center*, 2011 WL 6091255 (Tex. App.—Waco Dec. 7, 2011).